UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| OSMAN VILLEDA ALVARADO,<br>Petitioner,<br><br>v.<br><br>DAVID WESLING, Acting Field Office Director, U.S. Immigration and Customs Enforcement, Boston Field Office, Immigration and Customs Enforcement; DAVID J. VENTURELLA, Senior Official Performing the Duties of the Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, Acting U.S. Attorney General; and MICHAEL NESSINGER, Warden of Wyatt Detention Facility,<br>Respondents. | C.A. No. 26-cv-306-JJM-PAS |

**ORDER**

Before the Court is Mr. Villeda Alvarado's Motion for Attorney's Fees under the Equal Access to Justice Act (EAJA). For the following reasons, the Court GRANTS the motion.

## I. BACKGROUND

Mr. Villeda Alvarado filed a petition for a writ of habeas corpus on May14, 2026. ECF No. 1. On May 16, 2026, the Court granted his petition ordering his release and a subsequent bond hearing before an immigration judge under 8 U.S.C.

§ 1226(a). ECF No. 5. On August 17, 2026, Mr. Villeda Alvarado filed a motion for attorney's fees under EAJA. ECF No. 7.

## II. DISCUSSION

### A. Habeas Petitions Fall Within the Scope of EAJA as "Civil Actions"

Immigration habeas cases are 'civil action[s]' within the meaning of 28 U.S.C. § 2412(d)(1)(A). *See Saysana v. Gillen*, 614 F.3d 1 (1st Cir. 2010) (rejecting government's argument that habeas may be characterized as 'civil' in a general sense but is not necessarily a "civil action" as used in the EAJA). EAJA "entitles a prevailing party in certain civil actions against the United States to receive attorney's fees, unless the government's position was substantially justified or special circumstances make an award unjust." *Michel v. Mayorkas*, 68 F.4th 74, 76 (1st Cir. 2023) (citing 28 U.S.C. § 2412(d)(1)). Here, Respondents do not contest that Mr. Villeda Alvarado is a prevailing party within the meaning of EAJA or that the fees requested were reasonable, but instead argue that habeas actions are not 'civil actions' for the purposes of EAJA and that Respondents' position in the underlying action was substantially justified. *See* ECF No. 12. Moreover, other courts within this circuit have determined that habeas actions are civil actions within the meaning of EAJA.[1] *See Tuzolana v. Hyde*, 2026 WL 1831597, at *2 (D. Mass. June 25, 2026); *Ndongala v. Wesling*, 2026 WL 1534981, at *1 (D. Mass. June 1, 2026); *Orrego Orrego*

[1] The Court acknowledges the circuit split raised by the Respondents—where the Fourth and Fifth Circuit courts have held habeas petitions fall outside the ambit of the EAJA—but nevertheless sides with the thread of rulings in the Second, Third, Ninth and Tenth Circuits not to mention the bulk of courts in this District.

*v. Hyde*, 2026 WL 1480362, at *1–2 (D. Mass. May 27, 2026) ("[h]abeas actions are civil actions for the purposes of EAJA."); *Arreaga Barrios v. Hyde*, No. 26-cv-10336, Dkt. 26 at 3 (D. Mass. July 6, 2026); *see also Cazeau v. Nessinger*, No. 26-cv-166-JJM-PAS, slip op. at 1 (D.R.I. July 31, 2026) (granting immigration habeas petitioner's request for attorneys' fees and costs upon the petitioner's filing of a separate EAJA motion).[2]

### B. Respondents Were Not Substantially Justified in Their Position

The Court is not convinced that Respondents were 'substantially justified' in their position to erroneously detain Mr. Villeda Alvarado under § 1225(b)(2)(a). The burden belongs to the Respondents to show that it "[i]s 'substantially justified' if 'it has a reasonable basis in law and fact' for its position . . . or put another way, if 'a reasonable person could think [the Government's position] correct.'" *Michel v. Maorkas*, 68 F.4th at 78 (first quoting *Aronov v. Napolitano*, 562 F.3d at 94; then quoting *Dantran, Inc. v. U.S. Dep't of Lab.*, 246 F.3d 36, 41 (1st Cir. 2001)). Respondent's notion that mandatory detentions in the present context are 'reasonable' does not pass muster because it largely ignores the hundreds of decisions in *this* circuit that have rejected their position.[3] *See also Tuzolana*, 2026 WL

[2] A pending appeal to the First Circuit seeks to precisely address this matter. *See Bernardo-Rodrigues v. Hyde*, No. 25-cv-00553, 2026 WL 370863, at *2 (D. Me. Feb. 10, 2026), *appeal docketed,* No. 26-1375 (1st Cir. Apr. 9, 2026).

[3] *See*, *e.g.*, *Morales v. Hyde*, No. 26-cv-093-JJM-PAS, 2026 WL 508811, at *1 (D.R.I. Feb. 24, 2025) (collecting cases from the District of Rhode Island); *Jimenez v. FCI Berlin, Warden*, 799 F. Supp. 3d 59, 66-67 (D.N.H. 2025); *Rocha v. Hyde*, No. 25-cv-12584-ADB, 2025 WL 2807692, at *1 n.2 (D. Mass. Oct. 2, 2025) (collecting cases from the District of Massachusetts); *Chanaguano Caiza v. Scott*, No. 1:25-cv-00500-JAW, 2025 WL 2806416, at *3 (D. Me. Oct. 2, 2025) (collecting cases from the District

1831597, at *3 ("By the time the respondents detained Tuzolana, they understood that District Judges throughout the First Circuit had repeatedly and (as far as the Court is aware) uniformly rejected the view that the relevant immigration detention statutes supported treating a noncitizen in Tuzolana's position as a person subject to automatic, mandatory detention without bond."); *Ndongala*, 2026 WL 1534981, at *3 ("In light of the flood of decisions in this District and beyond that had repeatedly rejected it by the time the government took the position in this action, a reasonable person could not think that the government's contrary position, which it first adopted in early 2025, was correct." (citations omitted)). The Court is unpersuaded by either of the Respondent's contentions and agrees with most courts that this is a civil action and Respondents were not justified in their position.

## III. CONCLUSION

For the reasons stated, the Court GRANTS Mr. Villeda Alvarado's Motion for Attorneys' Fees and Costs under the EAJA. ECF No. 7. The Court awards Petitioner attorney's fees and expenses in the total amount of One Thousand Nine Hundred Eighty-Four Dollars and Ninety-Six Cents ($1,984.96).

---

of Maine); *Aguilar-Linares v. Lyons*, No. 26-1122 (GLS), 2026 WL 1031860, at *4 (D.P.R. Apr. 16, 2026) (collecting cases from the District of Puerto Rico)

IT IS SO ORDERED.

***/s/John J. McConnell, Jr.***

________________________________
JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

September 22, 2026